## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LOUIS PAVIA, JR.,

    Plaintiff,

    v.

EDUCATION NETWORK TO ADVANCE
CANCER CLINICAL TRIALS,

    Defendant.

Civil Action No. TDC-14-0795

### MEMORANDUM ORDER

This copyright infringement case is before the Court on Plaintiff's Motion for Default Judgment. ECF No. 12.   Having reviewed the pleadings and supporting documents, the Court finds no hearing necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the following reasons, the Motion for Default Judgment is DENIED.

### BACKGROUND

In November 2012, Plaintiff Louis Pavia, Jr. ("Pavia") contracted with Defendant Education Network to Advance Cancer Clinical Trials ("ENACCT"), a non-profit corporation, to help them "develop a number of products, services and strategies to achieve financial stability." Compl. ¶ 2.2, ECF No. 1.  The contract provided that Pavia would be paid based on revenue that he generated for the organization, with a cap of $150,000 during the specified contract term of 15 months.  *Id.*  Prior to the contract, Pavia had "defined" the Cancer Trial Accrual 360° Self-Assessment Process (the "Self-Assessment Process"), a product that he then "partially developed" while working for ENACCT.  June 23, 2014 Letter, ECF No. 8; Compl. ¶ 2.4.  In August 2013, ENACCT terminated Pavia's contract and informed him that the organization was

going to be dissolved.  Compl. ¶ 2.3.  Pavia, meanwhile, continued to develop the Self-Assessment Process with the cooperation of ENACCT.  *Id.* ¶ 2.4.  In January 2014, after negotiations between the parties, ENACCT paid Pavia $20,000 for a "webinar series."[1]  *Id.* ¶ 2.9.  At that time, ENACCT also informed Pavia that, under its interpretation of the contract, ENACCT owned the intellectual property rights to the Self-Assessment Process and that they would be transferring the Self-Assessment Process to a "third party."  *Id.*  In response, Pavia sent ENACCT a letter asserting that the Self-Assessment Process was his intellectual property and therefore that in attempting to transfer the property, ENACCT was "violat[ing] [his] intellectual property protections."  *Id.* ¶¶ 2.9, 2.10.  Pavia accordingly instructed ENACCT to "cease and desist in the transfer."  *Id.*  ENACCT refused.  *Id.*

On March 14, 2014, Pavia filed a copyright infringement action pursuant to 17 U.S.C. § 411 against ENACCT seeking "[a]n injunction ordering [ENACCT] not to transfer the intellectual property associated with the Self Assessment Process and full and exclusive rights to the Self Assessment Process or $130,000."  *Id.* ¶ 3; Ex. 1 (Civil Cover Sheet), ECF No. 1-1.  ENACCT was served with the Complaint on April 7, 2014.  *See* ECF No. 5.  On or about April 9, 2014, Margo Michaels ("Michaels"), the Board President of ENACCT, submitted a letter and Answer, both of which were drafted and signed by Michaels in her role as Board President.  *See* Order at 1, ECF No. 6.  In the letter, Michaels informed the Court that ENACCT was defunct so could not retain counsel.  *Id.*  In light of ENACCT's status, the Court (Motz, J.) advised Michaels that corporations cannot proceed *pro se* in federal court and asked Pavia if he still wished to pursue his case.  *Id.* at 2.  Pavia informed the Court that he did wish to pursue the

---

[1] It is not clear from Pavia's pleadings if this webinar series is the same thing as the Self-Assessment Process.

litigation and proposed that, in lieu of financial compensation, he be awarded "full and exclusive rights to the [intellectual] property in question." June 23, 2014 Letter, ECF No. 8.

On January 8, 2015, the Court issued an Order informing ENACCT that its April 2014 Answer could not be accepted because it was filed pro se, and giving ENACCT until January 20, 2015 to retain counsel and until January 30, 2015 for that retained counsel to file an Answer. Order at 3. ENACCT failed to retain counsel by the deadline, and on January 23, 2015, Pavia filed a Motion for Default Judgment. ECF No. 12. In the Motion, Pavia seeks a judgment against ENACCT for the "full and exclusive rights to the 360° Self Assessment Process and all associated tools, materials, data, analysis and information." Aff. Supp. Mot. Default J. ¶ 10.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Pursuant to Federal Rule of Civil Procedure 55(b)(2), after a default has been entered by the clerk, the court may, upon the plaintiff's application and notice to the defaulting party, enter a default judgment. A defendant's default does not, however, automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]rial judges are vested with discretion which must be liberally exercised, in entering [default] judgments and in providing relief therefrom."); *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002). The Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but default judgment may be appropriate "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md.

3

2005); *see H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F. 2d 689, 691 (D.C. Cir. 1970) ("[T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party.  In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.").

In reviewing a Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint relating to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001).  However, it remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Wright, *et al.*, *Fed. Prac. & Proc. Civ.* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").  Here, Pavia's allegations, even accepted as true, do not entitle him to the relief he requests.

Although copyright in an original work exists from the moment of the work's creation, "the Copyright Act ... requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010); *see* 17 U.S.C. § 302(a) (providing that copyright in a work "subsists from its creation").  The requirements for a civil infringement action are laid out in 17 U.S.C. § 411, the statutory provision invoked by Pavia when he initiated suit.  The statute provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Thus, to prevail on his claim of copyright infringement against ENACCT, Pavia must establish that at the time he filed this lawsuit, he had preregistered or registered a copyright claim

4

in the Self-Assessment Process.  Because Pavia has not provided evidence of any such copyright claim, the Court cannot enter a judgment in his favor.  Accordingly, Pavia's Motion for Default Judgment is DENIED.

Further, because a preregistered or registered copyright claim is a prerequisite to suit under 17 U.S.C. § 411, *see Reed Elsevier,* 559 U.S. at 157, Pavia's suit as currently pleaded fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  If Pavia wishes to maintain this lawsuit, he must therefore provide proof that he had a preregistered or registered copyright claim in the Self-Assessment Process at the time he filed his Complaint, or he must amend his Complaint to allege a different cause of action.  If Pavia does not provide such proof or amend his Complaint within 30 days of the date of this Order, his case will be dismissed.[2]

Date:  May 4, 2015

THEODORE D. CHUANG
United States District Judge

---

[2] Although Pavia cannot maintain this lawsuit if he did not preregister or register a copyright in the Self-Assessment Process by the time he filed his Complaint, the Court is unaware of any barrier to Pavia proceeding now to apply to register his copyright claim for the work in question.